## COMPETITION IN THE SUPPLY OF GAS TO A MUNICIPALITY.

[Circuit Court of Pickaway County.]

CIRCLEVILLE LIGHT & POWER CO. v. BUCKEYE GAS CO. ET AL.

Decided, November 27, 1902.

*Competition—Not a Legal Injury—And Injunction Will Not Lie to Prevent It—Rights of Gas Companies Operating Under Valid and Invalid Franchises—Submission of Question of Franchise to Voters—Section 3551.*

Assuming that by authority of an invalid ordinance, a natural gas company has entered a municipality, and thereby comes into competition with the gas light and power company previously serving the municipality and its citizens, a suit by the latter company to enjoin the former from further operations will not lie, for the reason that no legal injury to said company can result from such competition; and this is true, notwithstanding if the contention as to the invalidity of the ordinance is well founded, the new company may be ousted from the city by a proper action brought in that behalf.

SIBLEY, J. (orally) ; CHERRINGTON, J., and JONES, J., concur.

This case comes into this court by appeal and has been submitted to us on a general demurrer to the petition, and also upon the proofs. However, it may be said in the beginning, that the only effect of the evidence is to modify certain averments of the petition, in favor of the defendants, rather than to strengthen the case of the plaintiff. We first then, consider the issue made by the demurrer.

The petition sets out that the plaintiff is a corporation duly incorporated and organized under the laws of this state, for the purpose, among other things, of manufacturing gas for light, heat and power and for the producing of electricity for light, heat and power, and for the supplying of electricity and gas for power purposes, and for lighting the streets and public and private buildings of the city of Circleville. It then goes on to show that by steps duly taken, through the action of the city council, by ordinance and otherwise, the plaintiff has been invested with the legal right to furnish gas, electric light, power, etc., in accordance with the franchise with which its charter invests it, and has succeeded to the rights of an earlier company, whose property it bought, and thereby became the successor of and succeeded to all its franchises and privileges, in furnishing gas or light and power to the public and to the citizens of this town. Then it alleges that the defendant, the Buckeye Gas Company, in 1894 was duly organized as a corporation for the purpose, among other things, of drilling for, producing, refining and vending natural gas and crude petroleum, laying and maintaining pipe lines for the transportation, distribution and sale of natural gas, crude and refined petroleum, and all its products, and the construction and operation of electric street railways. It further avers that on or about March 20, 1895, an ordinance was passed by the council of this city, which, without giving its provisions in detail, was, in general, an ordinance authorizing the defendant to come into this city and lay pipes and furnish natural gas to the city and to its inhabitants. The ordinance is not set out in full, but there is a specification of its provisions, showing in substance what I have already stated. The ordinance also was to go into effect from and after its passage and publication, according to law.

Two contentions are made about this ordinance which we have not deemed it necessary to decide in the view we take of the case. The first is, that it embodies two distinct subjects, so as to render it void under the provisions of the revised statutes, by which ordinances of city councils are confined to a single subject.

Without exhaustively examining that question, we are inclined to think that the contention of the plaintiff here is not well made.

The other point is, that the defendant is not here rightfully, in consequence of there being no submission of this ordinance under

Section 3551, Revised Statutes (no submission of the question of authorizing its operation here), to the qualified voters of the city. We have not gone into that sufficiently to express an opinion, and pass it by for the purpose of this demurrer, assuming that the contention of the plaintiff is well made—that while this has the form of a legal ordinance giving the right in the premises which the defendant, the Buckeye Gas Company, is alleged to be asserting, it is invalid, and a proceeding might be instituted by the proper party to oust that company of the franchise which it is said to be exercising under the ordinance. But we do not regard this as by any means decisive of the case.

The petition also says that the plaintiff is the only person or corporation having legal right and authority to furnish gas and electric light to said city and its inhabitants for illuminating purposes, yet the defendant, the Buckeye Gas Company, has recently begun to furnish natural gas to them for illuminating purposes, and is still wrongfully and without authority, and in disregard of the rights of plaintiff so furnishing and supplying natural gas to said city and its inhabitants for such purposes; that it has advised, and is still wrongfully advising and inducing said city and its inhabitants and the consumers of gas in the city to use its natural gas for illuminating purposes, contrary to law.

The plaintiff further says that S. A. Wheeler is the vice-president and general manager of the Buckeye Gas Company, and that Albert J. Grigsby is the secretary and agent of said the Buckeye Gas Company, and that Simon Voll is a consumer in said city of the gas of said the Buckeye Gas Company, for light; that said S. A. Wheeler and Albert J. Grigsby, for and on behalf of said defendant, the Buckeye Gas Company, have wrongfully conspired, connived and combined with said Simon Voll, a consumer as aforesaid, and have been and are unlawfully conspiring, conniving and combining with other consumers of gas in said city, and with applicants for gas, to use to light their dwelling houses, offices, etc., in said city, to furnish and supply natural gas to be used to light the respective dwellings, offices, etc., of said consumers and applicants for gas, by advising and inducing said consumers of its gas and applicants for its gas to contract for and to engage to take its gas and to disconnect the gas pipes in their said dwellings,

offices, etc., from the meters of this plaintiff, and the pipes thereto-
fore used for carrying and furnishing gas of the plaintiff for light,
and to connect said pipes with those carrying the gas of said de-
fendant, the Buckeye Gas Company, to light their respective dwell-
ings, offices, etc., whereby the said plaintiff has suffered and will
further suffer, great damage, and sustain great loss and irreparable
injury.

The relief sought is by injunction, pending the action, and on
the final hearing, an order that will permanently enjoin the de-
fendant, the Buckeye Gas Company, from furnishing gas to any
one in the city for illuminating purposes.

The probability is that the alleged invalid ordinance, in legal
effect will be regarded as granting only the right to furnish gas
for fuel purposes, but assuming that to be true, and that the ordi-
nance is invalid, on the ground of no submission under Section
3551, that thereby the franchises with which it purports to invest
the defendant company never have been legally conferred, still we
have the fact, shown by the petition, that it is permissably here
under that form of authority and sanction of the public.

Now then, in that view of the case, the allegations which I have
read as to conspiracy, etc., amount simply to this: That the
plaintiff is invested by ordinance and law with a right, yet not an
exclusive right, to furnish light, etc. Councils of cities and vil-
lages in this state are not invested with authority to grant an ex-
clusive franchise to furnish gas or light therein. The plaintiff,
therefore, has a right simply to come in and do such business.
Hence, there could be no contention whatever, that the plaintiff
was injured if the defendant's franchise by procedure, admittedly
valid, had been conferred upon it. The fact that the newcomer is a
competitor would not entitle the plaintiff to any relief as against
it or the city. In other words, both would in that case come in,
like other branches of business, seeking for custom, each to do the
best it could.

As we see it then, the real question here is, whether or not,
stating the case as I have done, one of clear right upon the part
of the plaintiff to do its work, and one wherein the defendant may
be regarded as not legally invested with the franchise to do the
same thing, yet is permitted by the city to do so, under the form

530    CIRCUIT COURT REPORTS—NEW SERIES.

Circleville Light, etc., Co. v. Buckeye Gas Co.  [Vol. I, N. S.

of an authority which it has granted, whether this violates any legal right of the plaintiff.  The allegation in substance is that the defendant company is using its influence, through its agents and others, to induce people to buy gas from it rather than from the plaintiff.  Well, if it does so, what legal right of the plaintiff is violated by that act?  The assumption has been in argument, that if the ordinance under which it acted was invalid, then its acts are unlawful.  Conceding that they are, as against the right of the city, how are they a violation of the rights of the plaintiff?  The business in itself is as lawful for one as the other.  Both are legally organized companies, each possessed of the franchise to do business, wherever they can get permission therefor within corporate limits or find customers.  Whether the council has acted advisedly or not in permitting the defendant to enter the city, the fact is, it is here, by and with the formal consent of the city authorities, and the only substantial allegation of the petition as to the company's wrongdoing, in effect is, that it has made itself a competitor of the plaintiff in endeavoring to sell its product to the public, and to those who have been customers of the plaintiff.  Now if this be so, how can it be said that in legal sense the rights of the plaintiff have thereby been invaded?  True, it may result in rendering its business less profitable, but until the plaintiff can say it has the exclusive right to sell gas here, in our judgment it fails to show any legal injury.  As to it, the Buckeye Gas Company's alleged acts are *damnum absque injuria*.  However it may be in respect to the city, unless it possesses exclusive authority to furnish gas here no legal right of the plaintiff appears to be infringed.  Here we think is the key to a decision of this case.  The petition fails to set out a cause of action, for the reason that it shows no legal injury to the rights of the plaintiff by the defendant company, but only facts on which, if its entire contention is well founded, the latter might be ousted from this city, by a proper action therefor, but that the plaintiff can not make that question in this suit, we think is clear.

Now a word as to the case upon the evidence.  This modifies certain averments of the petition.  It shows that although the defendant company has made contracts for the sale of gas for fuel purposes, yet there has been no conspiracy of the sort alleged.  After

gas came into the possession of the purchaser, having passed through the meter of the Buckeye Gas Company, in some instances consumers diverted it into another channel, for illuminating purposes, and the defendant had knowledge of this. That the evidence shows, and is the full extent of the case in this feature, when we take it upon the proofs. Hence, I repeat, it modifies some allegations of the petition, which, however, in legal effect, asserts nothing more than that the defendant has become a competing party under what is alleged to be an unauthorized permission to enter the city for the purpose of furnishing and selling gas here. So that whether we look at the case on the record, as made by the petition and demurrer, or upon that as shown by the evidence, the same conclusion is reached.

Our opinion, therefore, is, that this is a case where the plaintiff can not affect the right of the defendant company to be and do business here, unless through some action by the city authorities to oust it, or possibly it being a taxpayer within the city, under Sections 1777 and 1778, Revised Statutes, by first invoking action of the city solicitor, and on his failure to act, to proceed in its own behalf.

The remedy by injunction then, which is the sole relief sought here, can not be given, as we think, on the facts stated in the petition or shown by the evidence.

If no wish is expressed to amend the petition therefor, a judgment will be entered upon the demurrer, which we hold is well taken, and so must be sustained.